UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC.,<br><br>              Plaintiff,<br><br>   v.<br><br>MIASOLE,<br><br>              Defendant. | Case No.: C 11-00171 PSG<br><br>**ORDER GRANTING DEFENDANT MIASOLE'S MOTION TO DISMISS CLAIMS OF WILLFUL PATENT INFRINGEMENT WITH LEAVE TO AMEND**<br><br>**(Docket No. 64)** |

      Defendant MiaSole ("MiaSole") moves to dismiss claims of willful patent infringement alleged in the second amended complaint. Plaintiff Solannex, Inc. ("Solannex") opposes the motion. On August 30, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, MiaSole's motion to dismiss claims of willful patent infringement alleged in the second amended complaint is GRANTED with leave to amend.

## I. BACKGROUND

When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[1] Review of a motion to dismiss is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[2]  The court is not required to accept "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."[3]  Further, the court need not accept as true allegations that contradict matters that are either subject to judicial notice or attached as exhibits to the complaint.[4]

On May 26, 2011, Solannex filed a second amended complaint alleging two claims, one for direct and willful infringement of the U.S. Patent No. 7,635,810 (the "'810 Patent") and the other for direct and willful infringement of U.S. Patent No. 7,868,249 (the "'249 Patent").

Solannex develops packaging technology to convert flexible thin film photovoltaic semiconductors into modules.  MiaSole manufactures copper indium gallium selenide (CIGS) thin-film photovoltaic solar panels.

In early 2006, Dr. Daniel Luch ("Luch"), the inventor of the '810 Patent, met with officers of MiaSole.  MiaSole's officers informed Luch that they were dissatisfied with MiaSole's then-current grid and interconnection methods and sought alternate methods.

On April 14, 2006, Luch and MiaSole entered into a non-disclosure agreement to further discuss Luch's technology further.  Luch then provided MiaSole with information regarding his

---

[1] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008).

[2] *See id.* at 1061.

[3] *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

[4] *See In re Gilead Sciences Securities Litigation,* 536 F.3d 1049, 1055 (9th Cir. 2008).

technology and also provided it with multiple samples of separately prepared grid and interconnect structures on various substrates. In May or June of 2006, Luch provided MiaSole with thirty more samples. These additional samples comprised a particular and separately-prepared grid and interconnect structure on a PET/EVA substrate that was recommended by Luch. Luch understood that MiaSole would use the samples for demonstration purposes at its Board of Directors' meeting scheduled to be held a short time thereafter.

On June 6, 2006, MiaSole requested that Luch provide a quote to the company for various production volumes of his grid and interconnect technology. MiaSole, however, inexplicably ceased all further communications with Luch and did not respond to any of his inquiries for further information.

On June 13, 2006, MiaSole filed U.S. Patent Applications 11/451,604 and 11/452,616, both of which taught key aspects of Luch's technology, including a separate current collecting grid and interconnect structure on a polymer film support. MiaSole neither named Luch as an inventor on the applications nor did it inform him of them.

MiaSole now manufactures solar panels using the specific technology that Luch disclosed pursuant to the NDA. Solannex alleges that:

> "MiaSole, on information and belief, manufactures, uses, and sells photovoltaic modules, including but not limited to the MR-series (MR-100, MR-107, and MR-111), that infringe at least claims [asserted claims] of the [asserted patent]. By manufacturing, using, and/or selling such products, MiaSole has willfully infringed and continues to infringe at least claims [asserted claims] of the [asserted patent], either literally or under the doctrine of equivalents."[5]

On May 13, 2009, MiaSole filed an initial disclosure statement for patent application 11/451,604 that cited publication number 2006/0180195A1, the application giving rise to the '810 Patent.

On December 22, 2009, the '810 Patent was issued and assigned to Solannex.

---

[5] *See* Docket No. 62 at 4.

On January 11, 2011, the '249 Patent was issued and assigned to Solannex.  The '249 Patent relates to interconnections of multiple photovoltaic cells.  Solannex alleges that:

> "MiaSole, on information and belief, manufactures, uses, and sells photovoltaic modules, including but not limited to the MR-series (MR-100, MR-107, and MR-111), that infringe at least claims 1-4, 7-16, and 20-24 of the '249 Patent.  By manufacturing, using and/or selling such products, MiaSole has willfully infringed and continues to infringe at least claims 1-4, 7-16, and 20-24 of the '249 patent, either literally or under the doctrine of equivalents."[6]

## II.  LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[7]  While "detailed factual allegations are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[8]  In other words, a complaint must have sufficient factual allegations to "state a claim for relief that is plausible on its face."[9]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  Accordingly, under Fed.R.Civ.P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[11]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[12]  If dismissing with prejudice, a district court's failure to consider the factors relevant to whether amendment should be permitted and

---

[6]   *See* Docket No. 62 at 4-5.

[7]   Fed. R. Civ. P. 8(a)(2).

[8]   *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

[9]   *Id.* at 1940 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

[10]   *Id.* at 1940.

[11]   *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990).

[12]   *Eminence Capital, LLC v. Asopeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

failure to articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion.[13]

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. This requirement that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself."[14] A plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent.[15]

"In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent."[16] "To willfully infringe a patent, a patent must exist and one must have knowledge of it."[17] "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents."[18] "Whether an act is willful is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances."[19] "Hence a party cannot be found to have "willfully" infringed a patent of which the party had no knowledge. Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of a suit."[20]

---

[13] *See id.* at 1052.

[14] *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,* 203 F.3d 790, 794 (Fed. Cir, 2000).

[15] *See id.* at 794.

[16] *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

[17] *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985).

[18] *See id.*

[19] *Gustafson, Inc. v. Intersystems Indus. Products, Inc.*, 897 F.2d 508, 510-511 (Fed. Cir. 1990).

[20] *See id.* at 511.

**III. DISCUSSION**

**A. The '810 Patent**

The allegations in the second amended complaint describe the following: discussions held by Luch and certain officers of MiaSole regarding MiaSole's then-frustrated efforts to develop grid and interconnection methods for photovoltaic arrays in early 2006, the non-disclosure agreement later entered into by the parties to continue discussions regarding Luch's technology and allow for inspection of his samples, and a subsequent production by Luch of approximately 30 more samples in or around May or June of 2006. Solannex also alleges that on May 13, 2009, MiaSole filed an initial disclosure statement for patent application 11/451,604 that cited publication number 2006/0180195A1 which corresponds to the '810 Patent, and that on June 13, 2006, MiaSole filed U.S. Patent Applications 11/451,604 and 11/452,616 both of which taught key aspects of Luch's technology.

What Solannex fails to allege in the second amended complaint, however, is that MiaSole had any pre-suit knowledge of the '810 Patent or that its conduct rises to the level of "objective recklessness" required to support an allegation of willful infringement. All of the facts that Solannex alleges precede, but do not follow, the date the '810 Patent was issued. Nowhere does Solannex allege that MiaSole had knowledge of the '810 Patent after it issued. These facts may be sufficient for claims alleging breach of contract or misappropriation of trade secrets, but they are insufficient for a claim of willful infringement, which requires at the very least that the defendant knew of the patent itself.[21] Solannex argues that MiaSole's citation to the patent application that led to the issuance of the '810 patent is sufficient to allege wilfulness, and cites to the Federal Circuit's opinion in *National Presto Industries, Inc. v. The West Bend Company*.[22] But in *National Presto,* the defendant "knew exactly when [the] patent came into existence, and

---

[21] *See State Industries, Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("[t]o willfully infringe a patent, the patent must exist and one must have knowledge of it").

[22] 76 F.3d 1185 (Fed. Cir. 1996).

indeed had several months' advance notice."[23] The defendant also "agreed to receive and was sent a copy of [the plaintiff's] allowed claims" set forth in the Notice of Allowability.[24] Here, there is no allegation whatsoever that MiaSole had any advance notice of the allowed claims or even that any claims would be allowed. Put simply, *State Industries,* not *National Presto,* applies. Accordingly, MiaSole's motion to dismiss the claim for willful infringement of the '810 Patent is granted with leave to amend.

**B. The '249 Patent**

With respect to the claim relating to the '249 Patent, Solannex's allegations are even more threadbare. The '249 Patent was issued on January 11, 2011. Aside from alleging that MiaSole currently manufactures, uses and sells photovoltaic modules that infringe the '249 Patent, Solannex fails to allege that MiaSole had any knowledge of the patent whatsoever. Accordingly, MiaSole's motion to dismiss the claim for willful infringement of the '249 Patent is granted with leave to amend.

### IV.  CONCLUSION

MiaSole's motion to dismiss claims of willful infringement alleged in the second amended complaint is granted with leave to amend. Solannex shall file an amended complaint no later than twenty days after the date of this order.

Dated:   September 9, 2011

                                                    PAUL S. GREWAL
                                                    United States Magistrate Judge

---

[23]   *Id.* at 1193.

[24]   *Id.* at 1194.