UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC., ) | Case No.: 11-CV-00171-PSG |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| v. ) | **MOTION TO CONSOLIDATE** |
| ) | |
| MIASOLE, INC., ) | **(Re: Docket No. 115)** |
| ) | |
| Defendant. ) | |

In this patent infringement suit, Defendant MiaSole, Inc. ("MiaSole") moves to consolidate this case with a newly-filed case involving the same parties, the same counsel, patents from the same family with many of the same claim terms, the same inventor, the same prosecution counsel, many of the same witnesses, and the same accused products. Plaintiff Solannex, Inc. ("Solannex") opposes the motion. On May 22, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, the court DENIES MiaSole's motion to consolidate.

### I.   BACKGROUND

On January 11, 2011, Solannex filed a complaint against MiaSole alleging infringement of U.S. Patent No. 7,635,810 ("'810 Patent") and U.S. Patent No. 7,868,249 ("'249 Patent") (the "present case").[1] The asserted patents claim an interconnection structure – and method of

---

[1] *See Solannex, Inc. v. MiaSole, Inc.,* Case No. C. 11-00171 PSG (Docket No. 1).

1

manufacturing a portion of that structure – for collecting energy from photovoltaic cells used in thin film solar panels. Both parties consented to magistrate judge jurisdiction and the case is proceeding before the undersigned.[2]

On February 21, 2012, Solannex filed another case against MiaSole alleging infringement of U.S. Patent No. 8,076,568 ("'568 Patent") and U.S. Patent No. 8,110,737 ("'737 Patent") (the "new case").[3] These asserted patents claim interconnections of multiple photovoltaic cells. The new case was initially assigned to U.S. Magistrate Judge Elizabeth Laporte.

On March 14, 2012, Solannex moved to relate the two cases pursuant to Civ. L.R. 3-12(b).[4] In support of the motion, Solannex stated that the two cases "involve the same parties, the same products accused of infringement, and patents with similar subject matter."[5] Solannex concluded that "[i]t therefore appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."[6] MiaSole concurred, but also gave notice that it would seek consolidation – and not merely relation – pursuant to Fed. R. Civ. P. 42.[7]

On the same day that the undersigned determined that the two cases were indeed related,[8] Solannex filed a declination to proceed before a magistrate judge in the new case.[9] As a result, the

---

[2] *See* Docket Nos. 16, 17.

[3] *See Solannex, Inc. v. MiaSole, Inc.,* Case No. 12-00832.

[4] *See* Case No. 11-00171 PSG (Docket No. 106).

[5] *See id.*

[6] *See id.*

[7] *See* Case No. 11-00171 PSG (Docket No. 109).

[8] *See* Case No. 11-00171 PSG (Docket No. 110). Under Civ. L.R. 3-12(f), the issue of relation was decided by the undersigned as the presiding judge in the lower-numbered case.

[9] *See* Case No. 12-00832 (Docket No. 8).

Clerk's Office randomly reassigned the new case to U.S. District Judge Edward Chen,[10] but then again reassigned the new case to the undersigned after noting the related case order.[11]

On April 3, 2012, the parties appeared for a status conference and MiaSole confirmed that it would move for consolidation of the two cases.[12] The court encouraged the parties to reach an agreement on the coordination of the two cases and set a briefing schedule for MiaSole's motion to consolidate in the event no agreement could be reached. No agreement was reached, and so the court now confronts what may be charitably described as a procedural standoff for both the parties and the court.

## II.     LEGAL STANDARDS

Civ. L.R. 3-12(b) provides that if a party knows or learns that an action, filed or removed to this district, is related to an action already pending, or previously pending, in this district, the party must file an administrative motion for related case consideration. Cases are related if: (1) they concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.[13]

Rule 42 permits the court to consolidate cases that involve a common question of law or fact. The court has broad discretion to consolidate cases.[14] In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay,

---

[10] *See* Case No. 12-00832 (Docket No. 10).

[11] *See* 4/2/2012 Docket Entry.

[12] Case No.11-00171 PSG (Docket No. 114). As with the issue of relation, as the assigned judge in the lower-numbered case, the motion to consolidate was properly presented to the undersigned.

[13] *See* Civ. L.R. 3-12(a).

[14] *See, e.g., Paxonet Communications, Inc. v. Transwitch Corp.,* 303 F.Supp. 2d 1027, 1028-29 (N.D. Cal. 2003).

3

Case No.: C 11-00171 PSG
ORDER

confusion, and prejudice caused by consolidation.[15] "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial."[16]

All parties in a civil case must consent for a magistrate judge to try the case.[17] Although provided by statute, the consent requirement for magistrate judge jurisdiction is grounded in the constraints imposed by Article III of the Constitution.[18]

### III.   DISCUSSION

Without begrudging its admitted objective of preserving the trial date in the present case, the court cannot help but observe the inconsistency of Solannex's past and present view of the overlap between the new and present cases. Just a few months ago, when it sought to relate the two cases, Solannex accepted the similarity of the parties, products and patent subject matter. But after MiaSole indicated that it viewed this similarity as justifying consolidation, and critically consolidation on a schedule that would delay trial by a number of months, Solannex changed course. Even after the court suggested at the status conference that the delay could be limited to just a few months, Solannex has persisted in its new appreciation of the differences between the cases.[19]

This observation notwithstanding, the court is compelled to deny the pending motion. While the court appreciates MiaSole's creativity in justifying the consolidation it seeks, the analysis of this dispute is relatively straight-forward. Because Solannex has not consented to a magistrate judge to try the new case, the undersigned cannot order that the cases be consolidated.

---

[15] *See Southwest Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F.Supp. 805, 807 (N.D. Cal. 1989).

[16] *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990).

[17] *See* 28 U.S.C. § 636(c).

[18] *See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Company, et al.,* 458 U.S. 50, 77 n. 29, 102 S.Ct. 2858, 2874, 73 L.Ed. 2d 598 (1982) ("Congress' power to create adjuncts and assign them limited adjudicatory functions is in no sense an 'exception' to Art. III. Rather such an assignment is consistent with Art. III, so long as 'the essential attributes of the judicial power' are retained in the Art. III court.").

[19] While Solannex has offered to stay the new case, this would only delay, rather than mitigate, the burden of a second proceeding on the resources of the Article III judges of this court.

4
Case No.: C 11-00171 PSG
ORDER

"To do so would force [at least one of] the parties in this case to proceed in front of a magistrate against [its] will"[20] and violate Solannex's undisputed right to proceed before an Article III judge. In furtherance of that right, the court must also reconsider its order relating the two cases. While the court remains persuaded of the likelihood that there will be an unduly burdensome duplication of labor, expense or conflicting results if the cases proceed before different judges, the standard in our local rule must give way here to a party's right to proceed before an Article III judge. The new case therefore shall be reassigned to a district court judge consistent with the established procedures of the Clerk's Office. The present case will proceed before the undersigned.

**IT IS SO ORDERED.**

Dated:  5/23/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[20] *Back v. Carter,* 933 F.Supp. 738, 748 (N.D. Ind. 1996). *See also WEC Company dba Woods Equipment Company v. Versarail Systems, Inc.,* No. CIV 98-1475 HU, 1999 WL 814515, at *4 (D.Or. Sept. 20, 1999); *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 413 (6th Cir. 1998).