United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>MIASOLE, INC.,<br><br>　　　　　　　Defendant. | Case No.: C 11-00171 PSG<br>(Related Case No. C 12-832 PSG)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**(Re: Docket No. 128)** |

In this patent infringement suit, Defendant MiaSole, Inc. ("MiaSole") moves for leave to file a motion for reconsideration of the order denying MiaSole's motion to consolidate dated May 23, 2012.[1] Plaintiff Solannex, Inc. ("Solannex") filed two separate cases against MiaSole. Both cases involve the same parties, the same counsel, patents from the same family with many of the same claim terms, the same inventor, the same prosecution counsel, many of the same witnesses, and the same accused products. In the first case, both parties consented to magistrate judge jurisdiction. In the second case, Solannex did not. The court was left with little choice but to deny consolidation and have the second case reassigned. After the second case was reassigned to Judge Koh, Solannex consented to magistrate judge jurisdiction. Now that both cases are assigned to this court, MiaSole believes that this change in material fact merits reconsideration of the court's prior order.

---

[1] *See* Docket No. 123.

1

Case No.: C 11-00171 PSG
ORDER

1    Solannex responds that it consented to magistrate judge jurisdiction based on its understanding from Judge Koh that the two cases would not be consolidated and that the trial date for the first case would remain intact.[2] Solannex contends that its prior refusal to consent related to an abiding concern that the trial date in the first case would be changed to accommodate consolidation with the second case. Only when Judge Koh noted at the case management conference that she had spoken to this court did Solannex agree to consent. Solannex disputes that the cases are as similar as MiaSole claims. The cases involve different patents with different priority dates and specifications. They were reviewed by different patent examiners and they implicate different prior art. More importantly, the claim construction in the second case will be different from the first case. While Solannex steadfastly opposes consolidation of the two cases, it notes that the court is not without tools to streamline the two cases. For example, the court is free to adopt certain procedures such as allowing discovery obtained in the first case to be used in the second case. This would reduce any unduly burdensome duplication of labor and expense by the parties.

The court agrees with Solannex. At this stage of the unique procedural history of this dispute, there is no basis to consolidate the two cases or disturb the current trial date in the first case. MiaSole's motion for leave to reconsider the motion to consolidate is DENIED.

**IT IS SO ORDERED.**

Dated:  7/24/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[2] Because the court did not seek additional papers in response to MiaSole's motion for leave for reconsideration, MiaSole moves to strike Solannex's response pursuant to Civ. L.R. 7-9(d). *See* Docket No. 131. The court nevertheless finds it appropriate to consider Solannex's response. MiaSole's motion to strike therefore is DENIED.