**United States District Court**
For the Northern District of California

| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SOLANNEX, INC., a Delaware corporation, | ) | Case No.: CV 11-00171 PSG |
| Plaintiff, | ) | **ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS** |
| v. | ) | |
| MIASOLÉ, INC., a California corporation, | ) | |
| Defendant. | ) | **(Re: Docket No. 168)** |

| | | |
|---|---|---|
| SOLANNEX, INC., a Delaware corporation, | ) | Case No.: CV 12-00832 PSG |
| Plaintiff, | ) | **ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS** |
| v. | ) | |
| MIASOLÉ, INC., a California corporation, | ) | |
| Defendant. | ) | **(Re: Docket No. 58)** |

After various procedural twists and turns, the court finds itself in the confounding position of presiding over two separate cases involving the same parties, patents from the same family with many of the same claim terms, the same inventor, the same prosecution counsel, the same litigation counsel, many of the same witnesses, and the same accused products. Although the court

1

Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY
PROCEEDINGS

previously rejected consolidation as a solution to this conundrum, recent events in both cases – the parties' joint request for entry of judgment under Rule 54(b) in the first case and the defendant's motion to stay the second case – suggest that the court best revisit this issue. After giving consideration to the parties' motions, the court concludes that consolidation is indeed the appropriate course and that the motions should be denied. The court sets forth its reasoning below.

## I. BACKGROUND

On January 11, 2011, Plaintiff Solannex ("Solannex") filed its first patent infringement case against Defendant MiaSolé ("MiaSolé") ("*Solannex I*").[1] Solannex alleges that MiaSolé's MR-series photovoltaic modules (MR-100, MR-107, and MR-111) infringe two of its patents, U.S. Patent No. 7,635,810 ("the '810 patent") and U.S. Patent No. 7,868,249 ("the '249 patent").[2] The asserted patents claim an interconnection structure – and method of manufacturing a portion of that structure – for collecting energy from photovoltaic cells used in thin film solar panels. Both parties consented to magistrate judge jurisdiction.[3]

On February 21, 2012, Solannex filed a second case against MiaSolé ("*Solannex II*"), alleging infringement of U.S. Patent No. 8,076,568 ("the '568 patent") and U.S. Patent No. 8,110,737 ("the '737 patent"), both of which issued after the commencement of *Solannex I*.[4] The asserted patents in *Solannex II* are in the same patent family as *Solannex I* and the patents share many of the same terms.[5]

---

[1] *Solannex, Inc. v. MiaSolé, Inc.,* Case No. C. 11-00171 PSG (N.D. Cal. Jan. 11, 2011).

[2] *See Solannex I,* Docket No. 1.

[3] *See Solannex I*, Docket Nos. 16, 17.

[4] *Solannex, Inc. v. MiaSolé, Inc.,* Case No. 12-00832 PSG (N.D. Cal. Feb. 21, 2012).

[5] *See Solannex II*, Docket No. 58 at 4-5, 15. *See also* Docket No. 58, Ex. 1 at ¶ 9 (noting that many the patents are in the same patent family and include many of the same terms, including "pattern," "sheetlike substrate," "holes extending through said substrate from said first side to said second

2
Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY
PROCEEDINGS

Pursuant to Civ. L.R. 3-12(b), Solannex moved to relate the two cases, acknowledging that the two cases "involve the same parties, the same products accused of infringement, and patents with similar subject matter."[6] MiaSolé concurred, but also gave notice that it would seek consolidation, not merely relation.[7] The court granted the motion to relate the two cases, with the result that *Solannex I* was reassigned to the undersigned.

On the same day the court granted the motion to relate in *Solannex II*, Solannex filed its declination to proceed in that case before a magistrate judge.[8] Mindful of its limited jurisdiction, the court then denied MiaSolé's motion to consolidate because "to do so would force [at least one of] the parties in this case to proceed in front of a magistrate against [its] will."[9] Thereafter *Solannex II* was reassigned to United States District Judge Lucy Koh.[10] After a hearing before Judge Koh, on June 22, 2012, Solannex changed course and filed its consent to proceed before a magistrate judge.[11] *Solannex II* was then reassigned back to the undersigned.[12] Soon thereafter, MiaSolé filed a motion for reconsideration of the court's order denying consolidation.[13] The court denied the motion, observing that "[a]t this stage of the unique procedural history of this dispute,

---

side," "substantially parallel," and "substantially parallel traces of electrically conductive material.")

[6] *See Solannex I,* Docket No. 106.

[7] *See Solannex I,* Docket No. 109.

[8] *See Solannex II*, Docket No. 8.

[9] *See Solannex II*, Docket No. 14 (quoting *Back v. Carter*, 933 F.Supp. 738, 748 (N.D. Ind. 1996)).

[10] *See Solannex II*, Docket No. 21.

[11] *See Solannex II*, Docket No. 27.

[12] *See Solannex II*, Docket No. 31.

[13] *See Solannex I*, Docket No. 128.

3

Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS

there is no basis to consolidate the two cases or disturb the current trial date in the first case."[14] The end result is that both *Solannex I* and *Solannex II* are now proceeding in parallel before the undersigned.

On November 16, 2012, the court issued its Claim Construction Order in *Solannex I*.[15] The court construed ten terms of the '810 patent and the '249 patent, including the term "pattern."[16] In response, the parties filed an Amended Stipulated Judgment of Noninfringement ("stipulation of noninfringement"), seeking Rule 54(b) certification to appeal the issue of infringement immediately to the Federal Circuit.[17] The parties reasoned that Solannex could not prevail in *Solannex I* because of the court's construction of the term "pattern" as "a design or arrangement (excluding the use of a wire)".[18]

On December 31, 2012, citing the potential waste of litigating a case where claim construction may be materially altered by the related appeal, MiaSolé moved to stay the proceedings in *Solannex II* pending appeal of the (not yet entered) judgment in *Solannex I*.[19]

## II.  LEGAL STANDARDS

Rule 42 permits the court to consolidate cases that involve a common question of law or fact.[20] The court has broad discretion to consolidate cases under Rule 42, either by motions

---

[14] *See Solannex I*, Docket No. 135.

[15] *See Solannex I*, Docket No. 163.

[16] *See id.*

[17] *See Solannex I,* Docket No. 168.

[18] *Id.*

[19] *See Solannex II*, Docket No. 58.

[20] Fed. R. Civ. P. 42(a).

4
Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY
PROCEEDINGS

submitted by the parties or *sua sponte*.[21] In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.[22] "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial."[23]

Rule 54(b) permits the district court to direct entry of final judgment on certain issues and certify them for appeal.[24] Because parties may generally appeal only final decisions of the district court, certification is not to be granted routinely.[25] At the same time, the decision to certify is within the "sound discretion" of the district court.[26] To grant certification, the district court must make two determinations. First, the court must determine the judgment is an "ultimate disposition of an individual claim entered in the course of multiple claims action."[27] Second, the court must find that "there is no just reason for delay."[28]

---

[21] *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). *See also In re Air Crash Disaster at Florida Everglades,* 549 F.2d 1006, 1013-14 (5th Cir. 1977); *Paxonet Communications, Inc. v. Transwitch Corp.,* 303 F. Supp. 2d 1027, 1028-29 (N.D. Cal. 2003).

[22] *See Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984); *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).

[23] *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir. 1990).

[24] *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003);

[25] *See SkinMedica, Inc. v. Histogen Inc.*, 869 F. Supp. 2d 1176, 1200 (S.D. Cal. 2012) (quoting *Nystrom,* 339 F.3d at 1350) ("Although interlocutory appeal of claim construction orders or orders granting summary judgment of non-infringement is often desired by one or both parties in the patent context for strategic or other reasons, 'piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case.'").

[26] *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980).

[27] *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1357 (Fed. Cir. 2003).

[28] Fed. R. Civ. P. 54(b); *see also Curtiss-Wright Corp.*, 446 U.S. at 7.

5
Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS

A district court has the discretion to stay proceedings in its court pending resolution of another proceeding.[29] This power is inherent in the court's power to "control the disposition of causes of action on its docket" with judicial economy in mind.[30] A stay may be appropriate if the decision in a related case would "narrow the issues in the pending case [] and assist in the determination of the questions of law involved."[31]

### III. DISCUSSION

#### A. Consolidation of *Solannex I* and *Solannex II*

The court first considers the preliminary question of whether consolidation of these two very similar cases would serve judicial convenience and economy. It is clear that the cases here share several "common questions of law or fact."[32] Both cases are patent infringement cases involving the same parties, the same accused products, and similar patents from the same family describing similar technology. Proof of infringement at trial would involve bringing many of the same witnesses, including the prosecutor and named inventor of all four patents, Daniel Luch. Courts have held that in the patent context, cases with the same basic technology, the same parties, and the same alleged infringing actions may be consolidated in the interests of judicial economy.[33] Allowing such cases to proceed in parallel would involve duplicative proceedings and filings and would be unduly burdensome on both the parties and the court.[34] There is no serious question that this is true in the cases here.

---

[29] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[30] *Id.* at 253-54.

[31] *Id.* at 253.

[32] Fed. R. Civ. P. 42(a).

[33] *See, e.g., Hooker Chemicals & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982).

[34] *See In re Air Crash Disaster*, 549 F.2d at 1014.

6
Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY
PROCEEDINGS

United States District Court
For the Northern District of California

Next, the court considers whether the parties would be unfairly prejudiced. Upon previous consideration of this issue, the court gave significant weight to Solannex's interest in proceeding expeditiously to trial in *Solannex I*. However, Solannex no longer has an interest in preserving the April 1, 2013 trial date[35] in *Solannex I* because it wishes to appeal the court's claim construction.[36] As the rationale for the court's earlier denial no longer exists, Solannex will not be prejudiced by consolidation. Solannex will be able to litigate the issues presented in both cases in November 2013, the trial date of *Solannex II*. Similarly, MiaSolé will also not be unfairly prejudiced. MiaSolé has moved for consolidation of the two cases twice, asserting that consolidation would be the most efficient way to manage the two cases and would avoid the risk of inconsistent rulings.[37] Now that a trial date in the first case is no longer an issue, and with the trial date in the second case only a few months away, this assessment is even more true.

In sum, having determined that judicial economy weighs in favor of consolidation and the parties will not be unfairly prejudiced, the court finds that consolidation of *Solannex I* and *Solannex II* is proper.

**B. Certification of the issues in *Solannex I* for appeal under Rule 54(b)**

With the cases consolidated, the court next turns to the parties' stipulation of noninfringement and request to certify the court's claim construction in *Solannex I* for appeal to the Federal Circuit. As the parties have stipulated only to certify Solannex's noninfringement claim and not the counterclaims of noninfringement and invalidity,[38] the parties may not appeal without

---

[35] *See Solannex I*, Docket No. 164.

[36] *See Solannex I*, Docket No. 168 (stipulation of noninfringement noting that it would not be in the interests of judicial economy to proceed with the remaining counterclaims before resolving infringement).

[37] *See Solannex I*, Docket No. 115.

[38] *Solannex I*, Docket No. 168 at 2.

7
Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS

54(b) certification.[39] Thus, this matter is only appealable should the court determine it is an "ultimate disposition of an individual claim entered in the course of multiple claims action"[40] and "there is no just reason for delay."[41]

The entry of summary judgment for MiaSolé on the main infringement claim is separable from the remaining counterclaims, and would constitute an "ultimate disposition" of that individual claim.[42] The only question, then, is whether there is just reason for delay.

In determining whether there is just reason for delay, "a district court must take into account judicial administrative interests as well as the equities involved."[43] Here, certification of the noninfringement claim presents a danger of "unnecessary appellate review."[44] Many of the same terms (including the term "pattern") appear in both the '810 and '249 patents as well as the '568 and '737 patents. Moreover, the patents all belong to the same patent family. Claim construction for the '568 and '737 patents has not yet taken place. If the court were to certify the claim construction of the '810 and '249 patents, it is likely that the parties would appeal claim construction of the same terms at a later date, requiring the appellate court to decide the same issues – or at least similar – more than once.[45] Because this is exactly the type of piecemeal appeal

---

[39] *See Pause Technology LLC v. Tivo Inc.*, 401 F.3d 1290, 1290 (Fed. Cir. 2005).

[40] *Ultra-Precision Mfg. Ltd.*, 338 F.3d at 1357.

[41] Fed. R. Civ. P. 54(b).

[42] *See Aristocrat Technologies v. Int'l Game Tech.*, Case No. C-06-03717 RMW, 2010 WL 2486174, at *2 (N.D. Cal. June 15, 2010) (holding that for the purposes of 54(b) certification, "the claim for infringement, which has been finally adjudicated, is separable from the remaining counterclaims of patent invalidity and unenforceability").

[43] *Curtiss-Wright Corp.,* 446 U.S. at 8.

[44] *Id.* at 5.

[45] *See id.* at 6. *See also SkinMedica, Inc.*, 869 F. Supp. 2d at 1201(holding that "the potential for two separate appeals and two separate trials" would result in unnecessary delay, so immediate appeal would not promote "efficient resolution" of the case).

8

Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY
PROCEEDINGS

Rule 54(b) was designed to prevent,[46] the parties' joint request for entry of judgment and certification must be denied.

### C. MiaSolé's motion to stay proceedings in *Solannex II*

MiaSolé moves to stay proceedings in *Solannex I* pending resolution of the proposed appeal in *Solannex I*. As the court has denied the parties' joint request for judgment and certification, MiaSolé's motion is moot.

## IV. CONCLUSION

It is HEREBY ORDERED that *Solannex I* and *Solannex II* shall be consolidated. It is FURTHER ORDERED that 54(b) certification of the stipulation of noninfringement is DENIED. MiaSolé's motion to stay is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: February 1, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[46] *See id.*

9

Case No.: C 11-00171 PSG
ORDER RE CONSOLIDATION, 54(B) CERTIFICATION, AND MOTION TO STAY PROCEEDINGS